IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01857-PAB-KMT

JOELLE RIDDLE,
GARY HAUSLER,
KATHLEEN CURRY and
THE COMMITTEE TO ELECT KATHLEEN CURRY,

    Plaintiffs,

v.

BILL RITTER, JR., in his official capacity as Governor of Colorado, and
BERNIE BUESCHER, in his official capacity as Secretary of State of
the State of Colorado,

    Defendants.

---

## ORDER CERTIFYING QUESTION TO THE COLORADO SUPREME COURT

---

This matter is before the Court on defendants' motion to certify a question to the Colorado Supreme Court [Docket No. 11] and both parties' briefs in support of certifying a question [Docket Nos. 34, 35]. On September 16, 2010, the Court held a hearing regarding plaintiffs' motion for preliminary injunction [Docket No. 28]. After denying plaintiffs' motion, the Court indicated its intention to grant defendants' motion for certification and ordered the parties to file further briefing on the content of the question to be certified to the Colorado Supreme Court.

**I. RELEVANT FACTS**

In November 2002, Colorado voters passed Amendment 27, which amended Article XXVIII of the Colorado Constitution to include several new campaign financing provisions. *See Colo. Right to Life Comm., Inc. v. Coffman*, 498 F.3d 1137, 1139 (10th

Cir. 2007). Section 3(1) of Article XXVIII provides that "no person, including a political committee, shall make to a candidate committee, and no candidate committee shall accept from any one person, aggregate contributions for a primary or a general election in excess of" certain provided amounts. Colo. Const. Art. XXVIII, § 3(1). For candidates to the Colorado house of representatives, the provision limits contributions to two hundred dollars. *Id.*

The Colorado General Assembly passed C.R.S. § 1-45-103.7 to implement this section of Article XXVIII. Section 1-45-103.7(3) allows the candidate committee of a state house candidate to accept "[t]he aggregate contribution limit specified in [section 3(1)] for a primary election at any time after the date of the primary election in which the candidate in whose name the candidate committee is accepting contributions is on the primary ballot" and to accept "[t]he aggregate contribution limit specified in [section 3(1)] for a general election at any time prior to the date of the primary election." C.R.S. § 1-45-103.7(3). Section 1-45-103.7(4) also allows a candidate committee to "expend contributions received and accepted for a general election prior to the date of the primary election" in which the candidate is running. C.R.S. § 1-45-103.7(4). These provisions restrict state house candidates who are only running in the general election to receiving a total contribution of $200 per contributor, while state house candidates running in both a primary and the general election in the same election cycle may accept up to $400 per contributor. Despite this restriction, candidates running in both a primary and the general election may accept and spend the $200 applicable to their primary race after the primary election is completed.

Contribution limits are thus tied to whether a candidate appears on a primary election ballot and participates in a primary in addition to participating in the general election. Major party candidates appear on the primary election ballot for their party regardless of whether they face an opponent in their primary election, and therefore, all major party candidates may receive up to $400 per contributor per election cycle. Minor party candidates appear on their party's primary election ballot only if they actually face opposition in their primary election. Write-in candidates never participate in primary elections and their names do not appear on any primary election ballot.

Plaintiffs challenge C.R.S. §§ 1-45-103.7(3) and (4), arguing that these provisions are inconsistent with Article XXVIII, § 3 of the Colorado Constitution and violate their First Amendment rights. Plaintiff Kathleen Curry was an incumbent write-in candidate for Colorado State House District 61 in the 2010 election. Representative Curry was originally elected to the state house as a Democrat, but disaffiliated from the party in 2009 and ran as a write-in candidate in the 2010 election. As a write-in candidate, Representative Curry did not participate in a primary and, therefore, could only accept $200 per contributor. Plaintiffs Joelle Riddle and Gary Hausler each contributed $200 to Representative Curry's campaign committee, The Committee to Elect Kathleen Curry, and would have contributed an additional $200, but were prevented from doing so by the limits explained above. Representative Curry's major-party opponents were on the ballot for their respective party primaries and thus were able to accept $200 for the primary election and $200 for the general election from each contributor, although neither faced formal opposition in their primary races.

## II. STANDARD FOR CERTIFICATION

Rule 21.1 of Colorado's Rules of Appellate Procedure permits the Colorado Supreme Court to answer a question of law certified to it by a United States district court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [Colorado] Supreme Court." Colo. App. R. 21.1(a).

### A. <u>Determinative of the Issue</u>

Plaintiffs' first cause of action asserts that the Secretary of State's interpretation of Section 3 of Article XXVIII of the Colorado Constitution limits the amount of money a person may contribute to a write-in candidate, and the amount of money a write-in candidate may accept, to $200. Docket No. 2 [Amended Compl.] at ¶ 48. Plaintiffs seek a declaration that C.R.S. §§ 1-45-103.7(3) and (4) are inconsistent with Colorado Constitution Article XXVIII, §§ 3(1) and (2). Plaintiffs argue that, under the Colorado Constitution, "a person or small donor committee may contribute the same aggregate amount to candidate committees of candidates running for the same election office per 'election cycle,' as defined by section 2(6) of article XXVIII, regardless of whether the candidate is on the primary election ballot." Docket No. 2 at ¶ 48. Plaintiffs' remaining causes of action alternatively claim that, if defendants' statutory interpretation is correct, Colorado Constitution Article XXVIII, §§ 3(1) and (2) violate the First and Fourteenth Amendments of the United States Constitution. Docket No. 2 at ¶¶ 50-69. Plaintiffs state that, if their first cause of action is granted, their remaining causes of action are moot. *See id.* at ¶ 50. Therefore, the determination of whether C.R.S. §§ 1-45-

103.7(3) and (4) are consistent with Article XXVIII, §§ 3(1) and (2) of the Colorado Constitution is potentially determinative of the entire action. *See* Colo. App. R. 21.1(a).

### B. <u>No Controlling Precedent</u>

Colorado appellate courts have not addressed whether C.R.S. §§ 1-45-103.7(3) and (4) are consistent with Colorado Constitution Article XXVIII, § 3(1) and (2), nor do any Colorado cases not directly on point provide sufficient guidance for the Court to resolve the issue. *See In re Interrog. Propounded by Governor Bill Ritter, Jr.,* 227 P.3d 892 (Colo. 2010) (addressing only sections of Art. XXVIII relating to contributions from corporations and labor organizations); *Colo. Educ. Ass'n v. Rutt*, 184 P.3d 65 (Colo. 2008) (interpreting only sections of Art. XXVIII dealing with unions); *Lambert v. Ritter Inaugural Comm.*, 218 P.3d 1115, 1121 (Colo. App. 2009) (interpreting these provisions but only finding that "[b]y its plain language, article XXVIII, section 3(1) unambiguously prohibits 'aggregate contributions' to any one gubernatorial candidate committee for a primary or general election in excess of the stated contribution limit of $500" and that C.R.S. § 1-45-103.7(3) allows a candidate committee to "accept aggregate contributions up to the contribution limit for both the primary and general elections."). Therefore, there is neither controlling precedent in the decisions of the Colorado Supreme Court on this question, nor Colorado appellate court decisions which might guide the Court in its resolution. *See* Colo. App. R. 21.1(a).

### III. QUESTION TO BE CERTIFIED

The following question shall be certified:

Are C.R.S. §§ 1-45-103.7(3) and (4) consistent with Colo. Const. Art. XXVIII, §§ 3(1) and (2) to the extent that they prohibit the candidate committee of a write-in candidate, who was not on a primary election ballot, from accepting, and donors from contributing, the same aggregate amount of funds as may be contributed to or accepted by the candidate committee of a candidate who appears on both a primary and the general election ballot in the same election cycle?

Accordingly, it is

ORDERED that defendants' Motion to Certify Question to the Colorado Supreme Court [Docket No. 11] is GRANTED. It is further

ORDERED that the question stated in Section III is certified to the Colorado Supreme Court for resolution. It is further

ORDERED that the Clerk of this Court shall forward this Order, certified under seal, to the Colorado Supreme Court.

DATED January 11, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge