IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-1857-PAB-KMT

JOELLE RIDDLE, GARY HAUSLER,
KATHLEEN CURRY, THE COMMITTEE
TO ELECT KATHLEEN CURRY and THE
LIBERTARIAN PARTY OF COLORADO

          Plaintiffs,

v.

JOHN HICKENLOOPER, in his official capacity
as Governor of the State of Colorado and
SCOTT GESSLER, in his official capacity as
Secretary of State of the State of Colorado

          Defendants.

_____

## FIRST AMENDED COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

_____

**COME NOW** Plaintiffs, by their attorney, William E. Zimsky, Abadie & Schill, P.C.,

pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57 and 65, for their Second Amended

Complaint against the Defendants, allege and aver as follows:

### I.      INTRODUCTION

    1.     The subject of this lawsuit is article XXVIII, section 3 of the Colorado

Constitution and related statutes that impose limits on contributions to candidates running for

elective office.  Section 3 and related statutes restrict the total amount of money that a person is

allowed to contribute to an unaffiliated candidate or to a candidate of a minor political party who

does not face a primary election opponent to an amount that equals one-half of the total amount

1

of money a person may contribute to a major political party candidate regardless of whether the major political party candidate faces a primary election opponent.  Section 3 and related statutes impermissibly impinge upon the Plaintiffs' First Amendment rights by unnecessary restricting their freedoms of political expression and political association and that Colorado's two-tier scheme for regulating campaign contributions invidious discriminate against them based on their political beliefs.

2.      Plaintiff Kathleen Curry ran for re-election to the office of Representative for State House District 61 in the 2010 general election as an unaffiliated candidate and authorized the formation of the Committee to Elect Kathleen Curry to receive contributions and making expenditures.  Plaintiffs Joelle Riddle and Gary Hausler each contributed $200 to the Committee to Elect Kathleen Curry, the maximum amount allowed under article XXVIII, section 3 of the state constitution.  There were two major party candidates that ran against Representative Curry.  Under Colorado's system regulating campaign contributions, person were permitted to contribute $400 to the candidate committees of either of her opponents.  Riddle and Hausler both wanted to contribute another $200 each to the Committee to Elect Kathleen Curry, and Representative Curry wanted to accept such contributions for her candidate committee, but section 3 and related statues prohibited them from doing so.  Plaintiffs faced civil monetary penalties if they violated section 3's campaign contribution limits.

3.      The only constitutionally sufficient basis to limit campaign contributions is to prevent corruption or the appearance of corruption.  Colorado's two-tiered system regulating campaign contributions is not closely drawn to avoid unnecessary abridgement of associational freedoms and political expression.  The two-tiered system invidiously discriminates against

2

persons who want to contribute to the campaigns of unaffiliated candidates and candidates of minor political parties.

## II.    PARTIES

4.     Plaintiff Joelle Riddle is a resident of La Plata County, Colorado.  Ms. Riddle is the founder of Independent Voters for Colorado, an organization formed to promote the rights and interests of independent voters in the state of Colorado.  Ms. Riddle is concerned that Colorado's two-tiered system for limiting campaign contributions subordinates the interests of independent voters and unaffiliated candidates to the interests of the two major political parties.

5.     Plaintiff Gary Hausler is a resident of Gunnison County, Colorado.

6.     Plaintiff Kathleen Curry is a resident of Gunnison County, Colorado.  She was the Representative for House District 61 and ran for re-election in the 2010 general election as an unaffiliated candidate.

7.     The Committee to Elect Kathleen Curry was the "candidate committee" authorized by Kathleen Curry pursuant to Article XXVIII, Section 2(3) to receive contributions and make expenditures for her re-election campaign.

8.     The Libertarian Party of Colorado is qualified as a Minor Political Party under the laws of the State of Colorado, § 1-4-1301, *et seq.*

9.     Defendant John Hickenlooper is the Governor of the State of Colorado.  Plaintiffs are suing Governor Ritter in his official capacity.

10.     Defendant Scott Gessler is the Secretary of State of the State of Colorado.  Secretary Gessler is the chief election officer for the state of Colorado and, pursuant to COLO.CONST. article XXVIII, section 9, is responsible for enforcing the campaign contribution

3

limits set forth in COLO.CONST. article XXVIII, section 3.  Pursuant to § 1-45-111.5, C.R.S.,

Secretary Gessler is also charged with promulgating rules as may be necessary to enforce and

administer Title 1, Article 45 of the Colorado Revised Statutes, also known as the Fair Campaign

Practices Act.  Plaintiffs are suing Secretary Gessler in his official capacity.

### III.    JURISDICTION AND VENUE

11.    Plaintiffs' causes of action arise under the First Amendment of the United States

Constitution, as incorporated into the Fourteenth Amendment, that guarantees the freedoms of

political expression and political association and under the Fourteenth Amendment to the

Constitution that guarantees Plaintiffs the equal protection of the laws.

12.    This lawsuit seeks to redress the deprivation under color of state law of rights

secured by the United States Constitution.  This lawsuit is authorized by 42 U.S.C. §§ 1983 and

1988.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

13.    All of the events that give rise to the causes of action stated herein occurred

within the District of Colorado.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. §

1381(a).

### IV.    GENERAL ALLEGATIONS

**A.    COLORADO'S CONSTITUTIONAL AND LEGISLATIVE SYSTEM FOR LIMITING CONTRIBUTIONS TO CANDIDATE COMMITTEES**

**i.    The legal framework that applies to all persons contributing to candidate committees**

14.    Section 3 of article XXVIII of the Colorado Constitution sets a limit on the total

amount of money that any one "person" or any "small donor committee" may contribute to a

"candidate committee."  As set forth in section 3(13), these limits are subject to change based on the consumer price index for Denver-Boulder-Greeley.

15.     Section 2(11) of article XXVIII defines "person" as "any natural person, partnership, committee association, corporation, labor organization, political party, or other organization or group of persons."

16.     Section 2(3) of article XXVIII defines "candidate committee" as "a person, including the candidate, or persons with the common purpose of receiving contributions or making expenditures under the authority of the candidate."

17.     Section 2(14) of article XXVIII defines  "small donor committees" as "any political committee that has accepted contributions only from natural persons who each contributed no more than fifty dollars in the aggregate per year."

18.     Section 2(6)(a) of article XXVIII defines "election cycle" as "[t]he period of time beginning thirty-one days following a general election for the particular office and ending thirty days following the net general election for that office."  Subsections (b) and (c) provide similar definitions involving situations in which there are special legislative elections.

19.     Section 3(1)(a)(I) allows a person to make up to $500 in aggregate contributions to any one governor candidate committee for the primary election and to make up to an additional $500 in aggregate contributions to any one governor and lieutenant governor candidate committee for the general election.  Section 3(1)(a)(II) allows a person to make up to $500 in aggregate contributions to any one secretary of state, state treasurer or attorney general candidate committee for the primary election and to make up to an additional $500 in aggregate

contributions to any one secretary of state, state treasurer or attorney general candidate committee for the general election.

20.     Section 3(1)(b) allows a person to make up to $200 in aggregate contributions to any one state senate, state house of representative, state board of education, regent of the university of Colorado, or district attorney candidate committee for the primary election and to make up to an additional $200 in aggregate contributions to any one secretary of state, state treasurer or attorney general candidate committee for the general election.

21.     Section 3(2)(a)(I) allows a small donor committee to make up to $5,000 in aggregate contributions to any one governor candidate committee for the primary election and to make up to an additional $5,000 in aggregate contributions to any one governor and lieutenant governor candidate committee for the general election.

22.     Section 3(2)(a)(II) allows a small donor committee to make up to $5,000 in aggregate contributions to any one secretary of state, state treasurer or attorney general candidate committee for the primary election and to make up to an additional $5,000 in aggregate contributions to any one secretary of state, state treasurer or attorney general candidate committee for the general election.

23.     Section 3(2)(b) allows a small donor to make up to $2,000 in aggregate contributions to any one state senate, state house of representative, state board of education, regent of the university of Colorado, or district attorney candidate committee for the primary election and to make up to an additional $2,000 in aggregate contributions to any one state senate, state house of representative, state board of education, regent of the university of Colorado, or district attorney candidate committee for the general election.

24.     Pursuant to article XXVIII, section 2(13), the Secretary of State has adopted 8 CCCR 1505-6, Rule 12.3 and 12.4.  These rules increase the following aggregate limits on contributions: section 3(1)(a): from $500 to $525; section 3(2)(a): from $5,000 to $5,300; and section 3(2)(b): from $2,000 to $2,125.

### ii.     The legal framework that applies to all persons contributing to candidate committees of major political party candidates

25.     There are currently two major political parties in Colorado: the Democratic Party of Colorado and the Colorado Republican Party.

26.     Pursuant to § 1-4-101(3), C.R.S., all nominations by major political party candidates for all elective state officers and members of the general assembly must be made by primary election.

27.     Pursuant to § 1-45-103.7(3)(a), C.R.S., a candidate committee may accept "[t]he aggregate contribution limit specified in [section 3(1)] for a primary election at any time ***after*** the date of the primary election in which the candidate in whose name the candidate committee is accepting contributions is on the primary ballot."  (Emphasis supplied.)

28.     Pursuant to § 1-45-103.7(3)(b), C.R.S., a candidate committee may accept "[t]he aggregate contribution limit specified in [section 3(1)] for a general election at any time ***prior to*** the date of the primary election in which the candidate in whose name the candidate committee is accepting contributions is on the primary ballot." (Emphasis supplied.)

29.     Pursuant to § 1-45-103.7(4), C.R.S., a candidate committee may "expend contributions received and accepted for a general election ***prior to*** the date of the primary election in which the candidate in whose name the candidate committee is accepting

contributions is on the primary ballot." (Emphasis supplied.)  Subsection (4) also allows a

candidate committee of a candidate who wins the primary election to "expend contributions

received and accept for a primary election in the general election."

30.    Thus, because candidates of major political parties always have their name placed

on the primary election ballot, section 3 of article XXVIII allows a person to donate up to $1,050

to any one governor, secretary of state, state treasurer or attorney general candidate committee

for a major political party candidate and up to $400 to any one state senate, state house of

representatives, state board of education, regent of the university of Colorado, or district attorney

candidate committee for a major political party candidate.  Section 3 of article XXVIII allows a

small donor committee to donate up to $10,600 to any one governor, secretary of state, state

treasurer or attorney general candidate committee for a major political party candidate and up to

$4,250 to any one state senate, state house of representatives, state board of education, regent of

the university of Colorado, or district attorney candidate committee for a major political party

candidate.

31.    Moreover, a person may make a single, lump-sum contribution to a candidate

committee for a major political party candidate before the primary election that matches the total

aggregate amount that section 3 allows for both the primary and general election and the

candidate committee is free to spend that money on the primary election, the general election or

both.  Furthermore, a person may make a single, lump-sum contribution to a candidate

committee for a major political party candidate *after* the primary election that matches the total

aggregate amount that section 3 allows for both the primary and general elections and the

candidate committee is free to spend that money entirely on the general election.

iii.     **The legal framework that applies to all persons contributing to candidate committees of unaffiliated candidates and candidate committees of minor political party candidates**

32.     Unaffiliated candidates obtain access to the general election ballot by nominating petition as set forth in § 1-4-802, C.R.S. or by running as write-in candidates.  Unaffiliated candidates do not participate in primary elections.

33.     There are currently three minor political parties in Colorado: the Libertarian Party of Colorado, the American Constitution Party and the Green Party of Colorado.

34.     If only one candidate from one of the minor political parties is designated for an office by petition or assembly, that candidate shall be the candidate of the minor party at the general election and that candidate's name is not on the primary ballot.  § 1-4-1304(1)(d), C.R.S. Since the time a federal court forced Colorado to give ballot access to minor party candidates by court order, the majority of both major and minor party candidates have not faced an opponent from the same party for the same office.  While major party candidates must be nominated to the general election ballot by primary election, even if they do not face any opposition at the primary election, most minor party candidates are nominated directly to the general election ballot and their names are placed on the primary election ballot.

35.     Because their names are not on the primary election ballot, section 3 of article XXVIII and related statutes, including § 1-45-103.7, as limiting the amount of money a person may contribute to a candidate committee of an unaffiliated candidate, or to a candidate committee of a minor party candidate who is nominated directly to the general election.  This limitation on contributions equals one-half of the amount a person may make to a candidate committee for a major party candidate.  For example, a person is allowed to make only $200 in

aggregate contributions to a candidate committee of an unaffiliated candidate running for the state house of representatives or to a candidate committee of a minor political party candidate who is nominated directly to the general election and whose name is not on the primary election ballot. Their major political party rivals, however, may receive up to $400 in aggregate from a person, either before or after the primary election, and spend the entire amount on the general election even if they are unopposed at a primary election.

### B.   FACTUAL ALLEGATIONS

36.    Kathleen Curry was the incumbent State Representative in the Colorado General Assembly representing State House District 61, which at the time consisted of Gunnison, Hinsdale and Pitkin counties and parts of Eagle, Garfield counties.

37.    The voters of State House District 61 first elected Curry, running as a Democrat, to a two-year term in the November 2, 2004 general election, casting 20,398 votes in her favor, representing 60.7% of the votes cast in that election. The voters of State House District 61 re-elected Curry, running as a Democrat, to a two-year term in the November 7, 2006 general election, casting all of the 20,733 votes that were cast for this office in her favor. The voters of State House District 61 re-elected Curry, running as a Democrat, to a third two-year term in the November 4, 2008 general election, casting all of the 28,012 votes that were cast for this office in her favor.

38.    Curry disaffiliated from the Democratic Party and run for re-election in 2010 as an unaffiliated, write-in candidate.

39.    In her re-election campaign, Curry was limited to $200 in aggregate contributions from any one person.

40.     Curry lost her bid for re-election bid in the 2010 general election.  She received 9,298 votes, Luke Korkowski, her Republican opponent received 8,987 votes and the winning candidate, Democrat Roger Wilson, received 9,657 votes.  Thus, Curry lost the election by 359 votes out of 29,825 votes cast.

41.     The Committee to Elect Kathleen Curry is properly formed and registered with Defendant Bernie Gessler, the Colorado Secretary of State, as a "candidate committee" formed under pertinent Colorado law and regulations, which Kathleen Curry has authorized to receive contributions and make expenditures for her re-election campaign.

42.     Plaintiff Joelle Riddle contributed $200 to the Committee to Elect Kathleen Curry for the 2010 general election.  Ms. Riddle wanted to contribute another $200 to the Committee to Re-Elect Kathleen Curry for the 2010 general election, but could not do so pursuant section 3 and related statutes.

43.     Plaintiff Gary Hausler was an eligible elector in State House District 61 in the 2010 election.  Mr. Hausler voted for Representative Curry in the 2010 general election.  Mr. Hausler contributed $200 to the Committee to Elect Kathleen Curry for the 2010 general election.  Mr. Hausler wanted to contribute another $200 to the Committee to Elect Kathleen Curry for the 2010 general election, but he could not do so pursuant to section 3 and related statutes.

44.     Plaintiff Kathleen Curry wanted the Committee to Elect Kathleen Curry to accept additional contributions from Ms. Riddle and Mr. Hausler, as well as other supporters who have expressed a similar desire to contribute more than the $200 limitation imposed by section 3, but she could not do so pursuant to section 3 and related statutes.

45.     Pursuant to COLO.CONST., article  XXVIII, section 10(1), "[a]ny person who violates any provision of this article relating to contribution . . . limits shall be subject to a civil penalty of at least double and up to five times the amount contributed, received, or spent in violation of the applicable provision of this article.  Candidates shall be personally liable for penalties imposed upon the candidate's committee."

45.     Representative Curry faced two opponents in the upcoming 2010 general election for House District 61: Roger Ben Wilson, a Democrat; and Luke Korkowski, a Republican. While both of these candidates are on the primary election ballot and a person were allowed under section 3 to make $400 in aggregate contributions to their respective candidate committees, neither of these candidates is facing an opponent in the primary election.

46.     According to the campaign finance reports that Korkowski filed with the Secretary of State's office, he received contributions from 13 persons whose aggregate contributions exceeded $200, all of whom contributed $400 to his campaign, the maximum amount allowed under Colorado's two-tiered system.  (This does not include $400 Korkowski contributed to his own campaign.)  Thus, Korkowski received an additional $2,600 than he could have raised had he run as an unaffiliated candidate or as a Libertarian.  According to the Secretary of State's records, Korkowski raised a total of $10,875.  Thus, the $2,600 in additional funds that he raised based on his affiliation with a major political party represented 23.9% of all the funds that he raised in the 2010 general election cycle.

47.     According to the campaign finance reports that Wilson filed with the Secretary of State's office, he received contributions from 21 persons whose aggregate contributions exceeded $200, 16 whom contributed $400 to his campaign, the maximum amount allowed

12

under Colorado's two-tiered system.  In total, Wilson received an additional $3,625 than he could have raised had he run as an unaffiliated candidate or as a Libertarian.  According to the Secretary of State's records, Wilson raised a total of $26,599.63.  Thus, the $3,625 in additional funds that he raised based on his affiliation with a major political party represented 13.6% of all the funds that he raised in the 2010 general election cycle.

48.    According to the campaign finance reports that Curry filed with the Secretary of State's office, she received contributions from 103 persons whose aggregate contributions equaled the $200 maximum amount that she was able to receive from individuals.  According to the Secretary of State's records, Curry raised $47,024.79 in the 2010 election cycle.  Thus, 43.8% of her contributions were from individuals who were willing to contribute at least $200 to her campaign.

49.  The fact that Messrs. Wilson and Korkowski are running unopposed in the primary election is not unusual.  For example, in the upcoming August 8, 2010 primary election involving the 65 Colorado House Districts, only 8 of the 130 primaries involve contested elections and in two of those districts there is no major party candidate running against the two candidates who are in a primary election contest.  Similarly, for the 34 Colorado Senate Districts, only 7 of the 38 primaries involve contested elections.

50.    During the 2010 election cycle, there were a total of 9 Libertarian Party candidates who ran in for office during the 2010 general election who were subject to the state's campaign contribution limitations.  (Candidates for the federal offices of United States Senate and Representative to the 112th United States Congress enjoy a campaign finance system that allows for equal contributions to candidates no matter their political affiliation.)  In 8 of these

elections, Libertarian Party candidates did not face a primary election opponent and were, therefore, only able to receive one-half the aggregate contributions from individuals as their major political party opponents.  (In addition to the office of Governor in which there was a Libertarian primary election, Libertarians were nominated directly to the general election ballot in the following races:  Regent of the University of Colorado - At-Large; State Senate Districts 7 and 11; State House Districts 4, 12, 27, 57 and 60.  In these 8 elections, 14 of the 16 major candidate opponents that the Libertarian Party candidates ran against did not face a primary election opponent.   (There were contested primary elections for the Democratic nomination for House Districts 4 and 12.)

## FIRST CAUSE OF ACTION

**DECLARATORY RELIEF SEEKING A JUDGMENT AGAINST DEFENDANTS DECLARING THAT SECTION 3 OF ARTICLE XXVIII OF THE COLORADO CONSTITUTION IS FACIALLY UNCONSTITUTIONAL BECAUSE IT VIOLATES THE FIRST AMENDMENT RIGHTS OF PERSONS WHO CONTRIBUTE OR WANT TO CONTRIBUTE TO UNAFFILIATED AND/OR TO CANDIDATES ON MINOR POLITICAL PARTIES WHOSE NAMES ARE NOT PLACED ON A PRIMARY ELECTION BALLOT**

51.      By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 59 as though fully set forth herein.

52.      An actual controversy exists between Plaintiffs, on the one hand, and Defendants, on the other hand, with regard to the exercise of the First Amendment rights of persons who contribute or want to contribute to unaffiliated and minor party candidates.  Plaintiffs assert Colorado's campaign finance scheme violates the freedoms of political expression and association of persons who contribute or want to contribute to unaffiliated and minor party

candidates.  Defendants contend that section 3 and related statutes do in fact provide for a two-tier regulatory system that that system does not violate the First Amendment rights of these persons.  This controversy is real and immediate because persons who violate Colorado's campaign finance framework are subject to civil monetary penalties.

53.     The only constitutionally sufficient basis for establishing campaign contribution limits is to serve the state interests of preventing corruption or the appearance of corruption.  Colorado has failed to closely draw its two-tiered system regulating campaign contributions to match the State's interest in avoiding corruption or the appearance of corruption or any other possible legitimate interest that the State may have to justify its two-tiered system regulating campaign contributions.  Instead, Colorado's system unnecessarily abridges the freedoms of political expression and political association of persons who contribute to unaffiliated and minor political party candidates.

54.     Plaintiffs are entitled to a declaratory judgment declaring that Colorado's regulatory system governing campaign contributions is facially unconstitutional to the extent that these provisions prohibit persons and small donor committee from making contributions in an aggregate amount to a candidate committee of an unaffiliated candidate or a minor political party candidate whose name is not on the primary election ballot in an amount equal to what every person and small donor committee is allowed to make to a candidate committee of a major political party candidate who is running for the same elective office.

55.     Pursuant to 42 U.S.C. § 1983, *et seq.*, Plaintiffs are entitled to a declaratory judgment declaring their rights and to their reasonable attorneys' fees and costs in this case.

## SECOND CAUSE OF ACTION

### DECLARATORY RELIEF SEEKING A JUDGMENT AGAINST THE DEFENDANTS DECLARING THAT SECTION 3 OF ARTICLE XXVIII OF THE COLORADO CONSTITUTION IS UNCONSTITUTIONAL AS APPLIED TO THE PLAINTIFFS BECAUSE IT VIOLATES THEIR FREEDOMS OF POLITICAL EXPRESSION AND POLITICAL ASSOCIATION THAT THE FIRST AMENDMENT GUARANTEES

56.     By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 55 as though fully set forth herein.  Plaintiffs plead this cause of action in the alternative.

57.     An actual controversy exists between Plaintiffs, on the one hand, and Defendants, on the other hand, with regard to the federally protected rights of Plaintiffs Riddle and Hausler and other supporters of Representative Curry and the federally protected rights of persons who support candidates nominated to elective office by the Libertarian Party involving their exercise of their First Amendment guaranteed freedoms of political expression and political association through the contribution of their money to the Committee to Elect Kathleen Curry or to the candidate committees of Libertarian Party candidates as well as the First Amendment rights of Curry and Libertarian Party candidates to use those contributions to express their political views. This controversy is real and immediate because if any of the Plaintiffs violate Colorado's regulatory framework they will be subject to civil monetary penalties.

58.     The only constitutionally sufficient basis for establishing campaign contribution limits is to serve the state interests of preventing corruption or the appearance of corruption. Allowing a person to contribute $400 to the candidate committees of Representative Curry's opponents while limiting the contributions of Plaintiffs Riddle and Hausler and others wishing to contribute to the Committee to Elect Kathleen Curry to $200 does not prevent corruption or the

16

appearance of corruption.  Similarly, allowing a person to contribute $400 to the candidate

committees to the major party opponents of Libertarian candidates while limiting the

contributions of persons wishing to contribute to Libertarian Party candidates who are nominated

directly to the general election ballot does not prevent corruption or the appearance of

corruption.  Colorado has failed to closely draw its two-tiered system regulating campaign

contributions to match the State's interest in avoiding corruption or the appearance of corruption

or any other possible legitimate interest that the State may have to justify its two-tiered system

regulating campaign contributions.  Instead, Colorado's system unnecessarily abridges the

freedoms of political expression and association of persons who contribute or want to

contribution to unaffiliated and minor political party candidates whose names do not appear on a

primary election ballot.

59.     Plaintiffs are entitled to a declaratory judgment declaring that the contribution

limits set forth in COLO. CONST. article XXVIII, section 3(1) and (2), are unconstitutional as

applied to Plaintiffs and any person or small donor committee who has contributed or wanted to

contribute to the Committee to Elect Kathleen Curry or to the candidate committee of a

Libertarian Party candidate who is nominated directly to the general election ballot and

establishing the right Representative Curry and the Committee to Elect Kathleen Curry as well as

the right of Libertarian Party candidates and their candidate committees to accept such

contributions.

60.     Pursuant to 42 U.S.C. § 1983, *et seq*., the Plaintiffs are entitled to a declaratory

judgment declaring their rights and to their reasonable attorneys' fees and costs in this case.

**THIRD CAUSE OF ACTION**

**DECLARATORY RELIEF SEEKING A JUDGMENT AGAINST THE
DEFENDANTS DECLARING THAT SECTION 3 OF ARTICLE XXVIII OF
THE COLORADO CONSTITUTION IS FACIALLY UNCONSTITUTIONAL
BECAUSE IT VIOLATES THE RIGHT TO EQUAL PROTECTION
OF THE LAWS AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF
PERSONS WHO CONTRIBUTE OR WANT TO CONTRIBUTE TO UNAFFILIATED
CANDIDATES OR TO CANDIDATES ON MINOR POLITICAL PARTIES WHOSE
NAMES ARE NOT PLACED ON A PRIMARY ELECTION BALLOT**

61.     By this reference Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 as though fully set forth herein.

62.     An actual controversy exists between Plaintiffs, on the one hand, and Defendants, on the other hand, with regard to Colorado's two-tier system that allows a person or a small donor committee which supports major party candidates to contribute twice as much money than a person or small donor committee which supports an unaffiliated candidate or a candidate of a minor political party whose name is not placed on a primary election ballot.  Plaintiffs assert that Colorado's two-tiered regulatory scheme for limiting campaign contributions invidiously discriminates against persons and small donor committees who contribute or want to contribute to the candidate committee of an unaffiliated or minor party candidate whose name does not appear on a primary election ballot vis-à-vis persons who contribute to a candidate committee of a major party candidate or to a candidate committee of a minor political party whose name does appear on a primary election ballot.  Defendants contend that Colorado's two-tier regulatory system does not treat similarly situated persons differently in a constitutionally significant way. This controversy is real and immediate because persons who violate Colorado's regulatory framework are subject to civil monetary penalties.

63.     The only constitutionally sufficient basis for establishing campaign contribution limits is to serve the state interests of preventing corruption or the appearance of corruption.  The Equal Protection Clause requires that state constitutional provisions and statutes affecting First Amendment interests be narrowly tailored to their legitimate objectives.  When government regulation discriminates among speech-related activities in a public forum, the Equal Protection Clause mandates that the legislation be finely tailored to serve substantial state interests.  In this case, Colorado has not narrowly tailored its two-tiered system regulating campaign contributions to serve the State's legitimate objectives of preventing corruption or the appearance of corruption or any other possible legitimate interest that the State may have to justify its two-tiered system regulating campaign contributions.  Allowing one class of persons, consisting of those who support major party candidates and minor political party candidates whose names appear on a primary election ballot, to contribute twice as much money to their candidates as another class of persons, consisting of those who support unaffiliated and/or minor party candidates whose names are not placed on a primary election ballot, does not serve the state interest of preventing corruption or the appearance of corruption or any other legitimate state interest.

64.     Plaintiffs are entitled to a declaratory judgment declaring that the contribution limits set forth in COLO. CONST. article XXVIII, section 3(1) and (2), are facially unconstitutional to the extent that these provisions prohibit persons and small donor committee from making contributions in an aggregate amount to a candidate committee of an unaffiliated candidate or a minor political party candidate whose name is not on the primary election ballot in an amount equal to what every person and small donor committee is allowed to make to a candidate committee of a major political party candidate who is running for elective office and

establishing the right candidate committees of unaffiliated candidates or minor political party

candidates whose names are not on the primary election ballot to accept such contributions.

65.    Pursuant to 42 U.S.C. § 1983, *et seq*., Plaintiffs are entitled to declaratory

judgment declaring their rights and to their reasonable attorneys' fees and costs in this case.

## FOURTH CAUSE OF ACTION

**DECLARATORY RELIEF SEEKING A JUDGMENT AGAINST THE
DEFENDANTS DECLARING THAT SECTION 3 OF ARTICLE XXVIII OF
THE COLORADO CONSTITUTION IS UNCONSTITUTIONAL AS APPLIED
TO PLAINTIFFS BECAUSE IT VIOLATES THE PLAINTIFFS' RIGHT TO
EQUAL PROTECTION OF THE LAWS AS GUARANTEED BY
THE FOURTEENTH AMENDMENT**

66.    By this reference Plaintiffs incorporate each and every allegation and averment

set forth in paragraphs 1 through 65 as though fully set forth herein.

67.    An actual controversy exists between Plaintiffs, on the one hand, and Defendants,

on the other hand, with regard to Colorado's two-tier system that allowed a person who

contributed to either of the candidate committees of Representative Curry's two opponents to

contribute twice as much money than either Riddle or Hausler or any other person were allowed

to contribute to the Committee to Elect Kathleen Curry and that allows a person who contributes

to the candidate committees of major party candidates to contribute twice as much money than

supporters of Libertarian Party candidates who are nominated directly to the general election

ballot are allowed to contribute to the candidate committees of such Libertarian Party candidates.

Plaintiffs assert that Colorado's two-tiered regulatory scheme for limiting campaign

contributions invidiously discriminated against Plaintiffs Riddle and Hausler and other persons

and small donor committees who contributed or wanted to contribute to the Committee to Elect

Kathleen Curry vis-à-vis persons and small donor committees who contributed to her opponents'

candidate committees and that this scheme invidiously discriminates against supporters of

Libertarian Party candidates who are nominated directly to the general election ballot who

contribute or want to contribute to the Libertarian Party's candidate committees vis-à-vis persons

and small donor committees who contributed to the candidate committees of their major political

party opponents.  Defendants contend that Colorado's two-tier regulatory system does not treat

these individuals differently in a constitutionally significant way.  This controversy is real and

immediate because if Plaintiffs violate Colorado's regulatory framework they will be subject to

civil monetary penalties.

68.    The only constitutionally sufficient basis for establishing contribution limits is to

serve the state interests of preventing corruption or the appearance of corruption.  The Equal

Protection Clause requires that statutes affecting First Amendment interests be narrowly tailored

to their legitimate objectives.  When government regulation discriminates among speech-related

activities in a public forum, the Equal Protection Clause mandates that the legislation be finely

tailored to serve substantial state interests.  In this case, Colorado has not narrowly tailored its

two-tiered system regulating campaign contributions to serve the State's legitimate objectives of

preventing corruption or the appearance of corruption or any other possible legitimate interest

that the State may have to justify its two-tiered system regulating campaign contributions.

Allowing one class of persons, consisting of those who support major political party candidates

to contribute twice as much money to their candidates as another class of persons, consisting of

those who support unaffiliated candidates or Libertarian Party candidates who are nominated

directly to the general election ballot, does not serve the state interest of preventing corruption or the appearance of corruption or any other legitimate state interest.

69.     Plaintiffs are entitled to a declaratory judgment establishing that the contribution limits set forth in COLO. CONST. article XXVIII, section 3, are unconstitutional as applied to Plaintiffs and all persons and small donor committees who have contributed or wanted to contribute to the Committee to Elect Kathleen Curry and as applied to all persons who want to contribute to a Libertarian Party candidate who is nominated directly to the general election ballot.

70.     Pursuant to 42 U.S.C. § 1983, *et seq*., Plaintiffs are entitled to declaratory judgment declaring their rights and to their reasonable attorneys' fees and costs in this case.

## SIXTH CAUSE OF ACTION

## INJUNCTIVE RELIEF AGAINST DEFENDANTS

71.     By this reference Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 70 as though fully set forth herein.

72.     Colorado's two-tiered system regulating campaign contributions is facially unconstitutional as it violates the freedoms of political expression and political association guaranteed by the First Amendment of persons and small donor committees who contribute or want to contribute to unaffiliated candidates and/or to the candidate committees of minor political party candidates whose names are not placed on the primary election ballot and also invidiously discriminates against them in violation of their right to equal protection of the laws that the Fourteenth Amendment guarantees.

73.     Colorado's two-tiered system of campaign contribution limits is unconstitutional as applied to the Libertarian Party and supporters of its candidates as it violates their freedoms of political expression and political association that the First Amendment guarantees, as well as the rights of others persons and small donor committees who contribute or want to contribute to Libertarian Party candidates who are nominated directly to the general election ballot and also invidiously discriminates against them in violation of their right to equal protection of the laws that the Fourteenth Amendment guarantees.

74.     There exists an imminent and ongoing threat by Defendants to deprive the civil rights of persons and small donor committees who have contributed or want to contribute in this 2012 election cycle to unaffiliated candidates and candidates of the Libertarian Party and other minor political parties who are nominated directly to the general election ballot by limiting their contributions to the candidate committees of such candidates.

75.     The supporters of other unaffiliated candidates and candidates of minor political parties whose names are not on the primary election ballot will suffer irreparable injury if they are not allowed to contribute as much money to those candidates as persons who support candidates of the two major political parties who are running against such candidates in the upcoming general election.  Unaffiliated candidates and candidates of minor political parties whose names are not on the primary election ballot will suffer irreparable injury if they are not allowed to accept contributions from persons and small donor committees that is the same as their opponents are allowed to accept from their supporters.

76.     The Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants, and all those working in concert with them, from enforcing article XXVIII, section

3(1) and (2) of the Colorado Constitution and related statutes against: (1) any person or small donor committee to the extent that any person or small donor committee makes a contribution to a candidate committee of an unaffiliated candidate or a candidate committee of a minor political party candidate whose name is not placed on the primary election ballot in an amount that section 3 and related statues allow a person or small donor committee to contribute to a candidate committee of major political party candidate who is running for the same elective office in a given election cycle; and (2) any candidate or candidate committee of an unaffiliated candidate or minor political party candidate whose name is not on the primary election ballot to the extent such candidate or candidate committee accepts contributions from persons or small donor committees in an amount that section 3 and related statues allow a candidate committee of a major political party candidate running for the same elective office to accept in a given election cycle.

**WHEREFORE**, premises submitted, Plaintiffs pray for judgment in their favor and against Defendants Governor Ritter and Secretary Gessler as follows:

> A.     A declaratory judgment in favor of Plaintiffs and against Defendants Hickenlooper and Gessler declaring that the contribution limits set forth in COLO. CONST. article XXVIII, section 3(1) and (2), are facially unconstitutional to the extent that these provisions prohibit a person or a small donor committee from making contributions in an aggregate amount to a candidate committee of an unaffiliated candidate or a minor political party candidate whose name is not on the primary election ballot in an amount equal to what section 3(1) and (2) allows a person or small donor committee to contribute to a candidate committee of a major political party candidate who is running for the same elective office in a given election cycle and establishing the right of a candidate committee of an unaffiliated candidates or minor political party candidate whose names are not on the primary election ballot to accept such contributions;

B.      A declaratory judgment in favor of all Plaintiffs and against
Defendants Hickenlooper and Gessler declaring that the
contribution limits set forth in COLO. CONST. article XXVIII,
section 3(1) and (2), are unconstitutional as applied to Plaintiffs
and any person or small donor committee who has contributed or
wanted to contribute to the Committee to Elect Kathleen Curry and
establishing the right of Representative Curry and the Committee
to Elect Kathleen Curry to accept such contributions and that
COLO. CONST. article XXVIII, section 3(1) and (2), are
unconstitutional as applied to any person or small donor committee
who has contributed or wants to contribute to a candidate
committee of a Libertarian Party candidate who is nominated
directly to the general election ballot and establishing the right of
the candidate committees of such Libertarian Party candidates to
accept such contributions;

C.      A permanently injunction enjoining and restraining Defendants
Ritter and Gessler, and all those acting in concert with them, from
enforcing the contribution limits set forth in COLO.CONST. article
XXVIII, section 3(1) and (2) against: (1) any person or small donor
committee to the extent that any person or small donor committee
makes a contribution to a candidate committee of an unaffiliated
candidate or a candidate committee of a minor political party
candidate whose name is not placed on the primary election ballot
in an amount that section 3 and related statutes allows a person or
small donor committee to contribute to a candidate committee of
major political party candidate who is running for the same
elective office in a given election cycle; and (2) any candidate or
candidate committee of an unaffiliated candidate or minor political
party candidate whose name is not on the primary election ballot to
the extent such candidate or candidate committee accepts
contributions from persons or small donor committees in an
amount that section 3 and related statutes allow a candidate
committee of a major political party candidate to accept who is
running for the same elective office;

D.      For costs of suit herein, including Plaintiffs' reasonable attorney's
fees pursuant to 42 U.S.C. § 1988 against Defendants
Hickenlooper and Gessler; and,

E.      For such other and further relief as the Court may deem just and
reasonable under the circumstances.

Respectfully submitted, the 12th day of January, 2012.

By:  _____
*/s/ William E. Zimsky*

William E. Zimsky
Abadie & Shill, P.C.
1099 Main Avenue, Suite 315
Durango, Colorado 81301
Telephone: 970-385-4401
FAX: 970-385-4901
Email: zimsky@durangolaw.biz

Attorney for Plaintiffs Joelle Riddle, Gary Hausler,
Kathleen Curry, the Committee to Elect Kathleen
Curry and The Libertarian Party of Colorado

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2010, a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** was FILED and SERVED via CM/ECF to the following persons:

Maurice G. Knazier, Esq.
Deputy Attorney General
maurie.knaizer@state.co.us

Matthew Grove
LeeAnn Morrill
Assistant Attorney Generals
Matt.Grove@state.co.us
LeeAnn.Morrill@state.co.us

1525 Sherman Street
Denver, CO 80203

*/s/ William E. Zimsky*
_____
William E. Zimsky