IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01857-PAB-KMT

JOELLE RIDDLE,
GARY HAUSLER,
KATHLEEN CURRY,
THE COMMITTEE TO ELECT KATHLEEN CURRY, and
THE LIBERTARIAN PARTY OF COLORADO,

    Plaintiffs,

v.

JOHN HICKENLOOPER, in his official capacity as Governor of the State of Colorado, and
SCOTT GESSLER, in his official capacity as Secretary of State of the State of Colorado,

    Defendants.

## ORDER

This matter is before the Court on the Opinion [Docket No. 105] and Judgment [Docket No. 106] issued by the United States Court of Appeals for the Tenth Circuit in this case. The Tenth Circuit held that plaintiffs were entitled to summary judgment "on their equal-protection claim as applied here, when each candidate runs unopposed for the nomination." *Riddle v. Hickenlooper*, 742 F.3d 922, 925 (10th Cir. 2014). The Tenth Circuit remanded the case "with instructions to vacate the judgment and to award summary judgment to the Plaintiff's on their as-applied claim under the Fourteenth Amendment's Equal Protection Clause." *Id.* at 930. The Court ordered the parties to submit proposed draft orders granting summary judgment to plaintiffs. Docket No. 109.

On May 2, 2014, Colorado Governor John Hickenlooper signed H.B. 14-1335

into law. Docket No. 111 at 1. Defendants contend that, as amended, Colo. Rev. Stat. § 1-45-103.7(4.5)(a) allows candidate committees for unaffiliated, write-in, or minor party candidates to "accept from any one person the aggregate contribution limit specified in Section 3(1) of Article XXVIII of the state constitution applicable to the office he or she is seeking at any point during the election cycle . . . ." *Id.* at 2, ¶ 3 (quoting § 1-45-103.7(4.5)(a)). Such contributions may be expended "at any point during the election cycle in which the candidate in whose name the candidate committee is accepting contributions is on the general election ballot." § 1-45-103.7(4.5)(b). Defendants further contend that the statutory amendment "resolves the concerns that led to the filing of this case and to the Tenth Circuit's opinion" and thereby renders this case moot. Docket No. 111 at 2-3, ¶¶5, 9. Plaintiffs indicate that they agree with defendants' position. Docket No. 112 at 1.

A case is moot when the issues presented are no longer "live." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). The Court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy." *Hall v. Beals,* 396 U.S. 45, 48 (1969). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live controversy, mootness is a jurisdictional issue. *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990). "'The crucial question is whether granting a present determination of the issues offered . . . will have some effect in the real world.'" *U. Sch. Dist. No. 259, Sedgwick Cnty., Kan. v. Disability Rights Center of Kan.*, 491 F.3d 1143, 1147 (10th Cir. 2007) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)).

Based upon the passage of H.B. 14-1335, the corresponding amendments to Colo. Rev. Stat. § 1-45-103.7(4.5), and the representations of the parties made after the Tenth Circuit issued its opinion, the Court finds that the claims raised in plaintiff's complaint are now moot in that a live controversy no longer exists. *See U. Sch. Dist. No. 259*, 491 F.3d at 1150 ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quotations omitted)). Thus, the Court is without power to enter judgment in favor of plaintiffs and must dismiss the case without prejudice for lack of subject matter jurisdiction.

Prior to the passage of H.B. 14-1335, the Tenth Circuit directed the Court to vacate its March 19, 2013 order and final judgment. However, neither party appears to seek vacatur.[1]  In fact, defendants argue that, because this case is moot, the Court cannot vacate its prior order and judgment. Docket No. 111 at 3. The Court does not agree with defendants' argument. "As with other matters of judicial administration and practice reasonably ancillary to the primary, dispute-deciding function of the federal courts, Congress may authorize us to enter orders necessary and appropriate to the final disposition of a suit that is before us for review." *U.S. Bankcorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22 (1994) (quotations and citation omitted); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1129 (10th Cir. 2010) ("Whether any opinion should be vacated on the basis of mootness is an

---

[1] Plaintiffs' position is not entirely clear. Plaintiffs' proposed order requests vacatur, but was filed prior to the passage of H.B. 14-1335. *See* Docket No. 110-1 at 18. Plaintiffs reply states that they "have no objection to the Court entering the Proposed Order submitted with Defendants' Response," which does not propose vacating the Court's prior judgment. Docket No. 112; Docket No. 111-2.

equitable question." (quotations omitted)).[2] The decision to vacate is therefore to be made based upon "the nature and character of the conditions which have caused the case to become moot." *U.S. Bankcorp Mortgage Co.*, 513 U.S. 18, 24 (1994). This case was rendered moot by the Colorado legislature's amendment of statutory provisions, not by the actions of plaintiffs against whom the Court's opinion was rendered, which weighs in favor of vacatur. *See Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir. 1995) (vacating judgment of district court and holding that mootness caused by Colorado legislature's amendment of challenged regulations did not result "from any voluntary action by plaintiffs but rather from circumstances beyond plaintiffs' control and for which they were not responsible") (citing *U.S. Bancorp*). The Court sees no sufficient basis upon which to depart from the Tenth Circuit's directive that the Court's prior opinion and judgment be vacated.

The only remaining issue is attorneys' fees and costs. The parties indicate that they have reached a settlement on attorneys' fees and costs and that the State Claims Board approved the settlement. Docket No. 114. Thus, the Court will not award attorneys' fees or costs to either party.

For the foregoing reasons, it is

**ORDERED** that the Order [Docket No. 98] and Final Judgment [Docket No. 99] are **VACATED**. It is further

**ORDERED** that this case is **DISMISSED** without prejudice for lack of subject

---

[2]*U.S. Bancorp*'s rationale was based upon appellate court vacatur, but also governs a district court's decision whether to vacate its own judgment. *See Rio Grande*, 601 F.3d at 1129 n.20.

matter jurisdiction. It is further

    **ORDERED** that this case is **CLOSED** in its entirety.

DATED July 9, 2014.

                      BY THE COURT:

                       s/Philip A. Brimmer
                      PHILIP A. BRIMMER
                      United States District Judge